UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILYN McMATH,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C17-344-RBL

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff Marilyn McMath seeks review of the denial of her application for Disability Insurance Benefits. She contends the administrative law judge ("ALJ") erred in (1) failing to find schizophrenia to be a severe impairment at step two, (2) failing to consider whether she meets or equals Listing 12.03 at step three, (3) assessing various medical opinions, and (4) failing to account for all credited limitations in the residual functional capacity ("RFC") assessment and hypothetical to the vocational expert ("VE"). Dkt. 15 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Ms. McMath is currently 58 years old, has training as a secretary and three years of college education, and has worked as an administrative assistant, retail assistant manager,

foreclosure assistant, and retail sales associate. Tr. 3, 191, 203. In June 2012, she applied for benefits, alleging disability as of December 10, 2011. Tr. 176-80. Her application was denied initially and on reconsideration. Tr. 107-13, 115-19. The ALJ conducted a hearing on July 2, 2013 (Tr. 30-73), and subsequently found Ms. McMath not disabled. Tr. 15-25. The Appeals Council denied Ms. McMath's request for review. Tr. 1-4.

Ms. McMath sought judicial review, and the U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand the case for further administrative proceedings. Tr. 510-11. The ALJ held another hearing on December 29, 2015 (Tr. 441-83), and subsequently found Ms. McMath not disabled. Tr. 421-34. As the Appeals Council declined to assume jurisdiction, the ALJ's decision is the Commissioner's final decision. Tr. 408-13.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [1] the ALJ found:

**Step one:** Ms. McMath had not engaged in substantial gainful activity between the time of her alleged onset and her date last insured ("DLI").

**Step two:** Ms. McMath's severe impairments include degenerative disc disease, obesity, anxiety, and "depression with schizophrenia."

**Step three:** These impairments did not meet or equal the requirements of a listed impairment, specifically Listings 1.00B2b, 12.04, or 12.06.[2]

**RFC:** Ms. McMath can perform light work with additional limitations: she can frequently climb ramps and stairs, and stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to extreme cold, vibration, and hazards such as dangerous machinery and unprotected heights. She can reach overhead frequently. She can perform simple, routine tasks and make simple work decisions, with customary breaks and lunch. She can occasionally interact with the public for work tasks, and have superficial contact with co-workers. She can work in a "low stress" environment "defined as only occasional changes in the work environment."

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS - 2

> Her work should emphasize duties dealing with things/objects rather than people. She would be off-task up to 10% over the course of an eight-hour workday.
>
> **Step four:** Ms. McMath could not perform her past work.
>
> **Step five:** As there are jobs that exist in significant numbers in the national economy that Ms. McMath can perform, she is not disabled.

Tr. 421-34.

## DISCUSSION

### A. The ALJ's assessment of Schizophrenia

As noted above, the ALJ found "depression with schizophrenia."is one of Ms. McMath's severe impairments. Tr. 424. Ms. McMath argues the ALJ erred in styling her diagnosis in this way, when no doctor described her condition as "depression with schizophrenia" and instead multiple doctors mentioned schizophrenia. The Commissioner argues the ALJ included schizophrenia as a severe impairment at step two and Ms. McMath's assignment of error "boils down to semantics" and establishes at most harmless error in the ALJ's wording, because the ALJ discussed Ms. McMath's schizophrenia at other points in the decision. Dkt. 28 at 4-6.

It is true the ALJ referenced Ms. McMath's psychosis, delusions, and paranoia symptoms, but the ALJ did not explain the impact of these symptoms or whether he found them credible. Tr. 429. The ALJ also indicated Ms. McMath most recently reported paranoid delusion and hallucinations was in April 2013, seven months before the DLI. *Id*. The ALJ further indicated Ms. McMath's treatment notes before the DLI were "minimal" (Tr. 431), but, as noted by the Appeals Council, Ms. McMath's treating physician, Jon Berner, M.D., began treating her in October 2008, but was only requested to provide his treatment notes from June 2011 through October 2012. Tr. 515-16. The remainder of Dr. Berner's treatment notes may

shed further light on the extent of Ms. McMath's schizophrenia throughout the period adjudicated by the ALJ.

Thus, it does not appear the ALJ fully considered Ms. McMath's schizophrenia throughout the adjudicated period, as directed by the Appeals Council. On remand, the ALJ shall request Dr. Berner's treatment notes for the entire adjudicated period and explicitly address whether schizophrenia (not "depression with schizophrenia") is a severe impairment at step two. If necessary, the ALJ shall also address whether Ms. McMath's schizophrenia meets or equals Listing 12.03 at step three. The ALJ shall also reconsider Dr. Berner's 2013 opinion in light of the totality of his treatment notes during the adjudicated period. The ALJ may also need to reassess Ms. McMath's RFC and obtain additional VE testimony regarding the impact of her limitations on her ability to work.

**B.      The ALJ's treatment of Medical Opinions**

Ms. McMath argues the ALJ erred in failing to address a 2015 form opinion written by DSHS examining psychologist Jenna Yun, Ph.D. Tr. 632-47. Dr. Yun's opinion was written nearly two years after Ms. McMath's DLI, and does not address her limitations during the period adjudicated by the ALJ. *Id*.; Tr. 409 (Appeals Council decision that Dr. Yun's opinion does not pertain to the period adjudicated by the ALJ). Accordingly, the ALJ did not err in failing to address it in his decision pertaining to whether Ms. McMath was disabled before December 31, 2013. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative"); *Morgan v. Colvin*, 2013 WL 6074119, at *10 (D. Or. Nov. 13, 2013) ("[I]t is well-established that an ALJ may reject a medical opinion, even that of a treating doctor, where 'it was completed . . . years after the claimant's date last insured and was not offered as retrospective analysis.'" (quoting *Senter v.*

*Astrue*, 2011 WL 3420426, at *3 (C.D. Cal. Aug. 4, 2011))); *Capobres v. Astrue*, 2011 WL 1114256, at *5 (D. Ida. Mar. 25, 2011) (explaining that while post-DLI medical evidence cannot be rejected solely as remote in time, it can be rejected on the grounds that the evidence itself is not retrospective).

Ms. McMath also argues that the ALJ erred in failing to address a 2015 form opinion and 2016 letter written by Dr. Berner, which, again, post-date Ms. McMath's DLI by approximately two years. Tr. 648-55. Neither the form opinion nor the letter addresses Ms. McMath's symptoms or limitations during the period adjudicated by the ALJ, and therefore neither is relevant to the ALJ's determination of whether Ms. McMath was disabled during that time period. Accordingly, the ALJ did not err in failing to discuss Dr. Berner's 2015 opinion or in discounting the 2016 letter. *See* Tr. 431.

Ms. McMath goes on to argue that the ALJ erred in discounting an opinion written by examining psychiatrist David Sandvik, M.D., in August 2012. Tr. 305-07. Dr. Sandvik's medical source statement reads in its entirety:

> As was noted, [Ms. McMath's] formal mental status testing was mixed. At times she had difficulty focusing. At times she appeared not quite to understand questions put to her. Her mood through the evaluation was grossly euthymic. She has difficulty keeping pace and she has a history of problems with anger and problems in relationships. She would need a fairly low stress job, preferably part-time, to be able to work. Approaches to her psychiatrically in addition to medication would include stress management and anger management therapies. She appears able to manage any funds granted her herself at this time.

Tr. 307. The ALJ gave "little weight" to Dr. Sandvik's opinion, finding that it did not explain the basis for his indication that Ms. McMath would "prefer" part-time work and would need a "low stress" job to be able to work. Tr. 431. The ALJ also noted that Dr. Sandvik did not describe Ms. McMath's limitations in a function-by-function analysis, and therefore his opinion is less probative as to Ms. McMath's RFC. *Id.*

These are specific, legitimate reasons to discount Dr. Sandvik's opinion. An RFC describes "the most" a claimant can do, and Dr. Sandvik's opinion does not explicitly address this. *See* 20 C.F.R. §§ 404.1545(a)(1) (RFC "is the most you can still do despite your limitations."). Dr. Sandvik's failure to describe or rate any particular functional limitations also renders his opinion less helpful to the ALJ's disability determination, and the ALJ did not err in discounting his opinion on this basis.

Finally, Ms. McMath argues the ALJ erred in crediting the State agency opinions, citing various treatment records that she contends are inconsistent with those opinions. Dkt. 15 at 21. Ms. McMath has not shown the ALJ was required to discount the State agency opinions, however, although she urges the Court to interpret the record more favorably to her. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'" (quoting *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989) (emphasis in original))).

Ms. McMath also argues the ALJ erred in purportedly crediting the State agency opinions, but failing to account for the portion of the opinions wherein the consultants indicated that Ms. McMath required a "low distraction" work environment. Dkt. 15 at 22 (referencing Tr. 84, 100). The Commissioner contends the ALJ's RFC assessment and VE hypothetical adequately address Ms. McMath's distraction deficits, by limiting her to simple, routine tasks, with limited social interaction, and only occasional changes in the work environment. Dkt. 28 at 17. Because, as explained *supra*, the ALJ may need to reassess Ms. McMath's RFC assessment on remand and obtain additional VE testimony regarding her ability to work, the Court need not address the sufficiency of the current RFC assessment/VE hypothetical. On remand, the ALJ

should explicitly address if and how the RFC assessment accounts for the State agency opinion that Ms. McMath required a "low distraction" work environment.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall request Dr. Berner's treatment notes for the entire adjudicated period and explicitly address whether schizophrenia (not "depression with schizophrenia") is a severe impairment at step two. If necessary, the ALJ shall also address whether Ms. McMath's schizophrenia meets or equals Listing 12.03 at step three. The ALJ may also need to reassess Ms. McMath's RFC and obtain additional VE testimony regarding the impact of her limitations on her ability to work. The ALJ should also explicitly address if and how the RFC assessment accounts for the State agency opinion that Ms. McMath required a "low distraction" work environment.

DATED this 26th day of February, 2018.

Ronald B. Leighton
United States District Judge